J. R. Swan, C. J.
The husband and wife are deemed, in many respects, one person in law. When sued jointly, and for a cause of action •which cannot be maintained except by showing a joint liability, and in which they must jointly plead, and one’ joint judgment must be rendered against them, there is necessarily a unity which cannot be severed. In such case, if any separate control over the action can be recognized in the wife, it can only be done by making the rights and power of the husband subservient to her. If the wife may control-the conduct of the action or defense in one way, and the husband may also control the action or defense in another and different way, it must bo done by permitting them to plead separately, and to sever in the trial. This would do, if the cause of action were such that separate and different judgments could be rendered against them. But in an action like the one before us, the judgment must be single and joint; and whatever might be the result of a separate defense, made by the *598 wife, contrary to the wishes of the husband, he would be ultimately liable, jointly with her, for the costs, expenses and judgment against her. After all, it is a question, whether the wife shall control the husband, or the husband shall control the wife, where, there is a unity of interest, and they differ. We are not yet prepared to depart from the old rule, which makes the husband the head of the wife. And such is the common law. Hence when sued jointly, service of process, at common law, was sufficient on the husband alone; and he could appear and confess judgment for both. Evans v. Mylert, 19 Penn. St. Rep. 402; Benjamin and wife v. Bartlett, 8 Missouri Rep. 86.
Whether, when the husband alone confesses judgment, or the like, against himself and wife, the separate property of the wife can be taken in execution, is another question.
It is insisted that the 29th section of the code is applicable to the present case.
It provides: “ If a husband and wife be sued together, the wife may defend for her own right; and if the husband neglect to defend, she may defend for his right also.”
The right of the wife mentioned in the code, is undoubtedly a right involved in the controversy, and its provisions are applicable to' equity cases in which the separate rights of the wife are by decrees recognized and passed upon as distinct from the rights of the husband. Her inchoate right of dower in premises mortgaged by her and husband; her interests and rights in her separate property, and in property which came to the husband by her, are recognized and frequently passed upon by decree; and, under the code, she may, in such cases, defend her own right.
But when the action, as in the case now before us, involves no separate right of the wife, and in which no order or judgment can be rendered except a joint one, affecting both jointly, the provision of the code cannot be applied. Her right in this action, and the right of her husband, are inseparable; and if they separated in the de *599 fense the court could not, as has been before said, proceed to judgment except jointly against both.
We are of the opinion that there is no error in the proceedings or judgment of the court below.

Judgment affirmed.

Brinkerhoee, Scott, Sutliee and Peck, JJ., concurred.